Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000136
28-JUN-2018
08:02 AM

NO. CAAP-17-0000136

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
SERGIO A. VASQUEZ, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-16-02669)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Chan, JJ.)

Plaintiff-Appellee State of Hawaiʻi charged Defendant-Appellant Sergio A. Vasquez, Jr. by complaint with (1) operating a vehicle under the influence of an intoxicant ("OVUII"), in violation of Hawaii Revised Statutes ("HRS") section 291E-61(a)(1) and/or (a)(3) (Supp. 2015); and (2) driving without motor vehicle insurance, in violation of HRS section 431:10C-104(a) (2005). The District Court of the First Circuit ("District Court")[1] dismissed the complaint without prejudice for violation of the speedy trial time limits set forth in Hawaiʻi Rules of Penal Procedure ("HRPP") Rule 48. HRPP Rule 48(b) provides: "Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months[.]" The District Court filed its Notice of Entry of Judgment and/or Order and Plea/Judgment ("Judgment") on February 7, 2017 .

_____

[1]     The Honorable Philip M. Doi presided.

On appeal, Vasquez argues that the District Court (1) erred in dismissing the OVUII charge without prejudice because it failed to consider the factors outlined by the Hawai'i Supreme Court in *State v. Estencion*, 63 Haw. 264, 625 P.2d 1040 (1981);[2] and (2) erred in dismissing the OVUII charge without prejudice, rather than with prejudice.[3] We apply *State v. Hern*, 133 Hawai'i 59, 323 P.3d 1241 (App. 2013), in resolving Vasquez's arguments.

In *Hern*, this court held that "in determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the *Estencion* factors, but must also clearly articulate the effect of the *Estencion* factors and any other factor it considered in rendering its decision." *Hern*, 133 Hawai'i at 64, 323 P.3d at 1246. Here, the only basis provided by the District Court for dismissing the OVUII charge without prejudice rather than with prejudice was: "this entire category of [OVUII] cases is a -- is a -- a very, in my opinion, serious matter. So dismissal will be without prejudice."

In rendering its decision, the District Court only referred to the first *Estencion* factor; it did not mention, much less clearly articulate the effect of, the second and third *Estencion* factors. The District Court therefore failed to comply with the *Hern* requirements in rendering its decision. We also conclude that the record is not sufficient for this court to

---

[2] The "*Estencion* factors" are: "'[(1)] the seriousness of the offense; [(2)] the facts and the circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice[.]'" *State v. Hern*, 133 Hawai'i 59, 60, 323 P.3d 1241, 1242 (App. 2013) (some brackets in original) (quoting *Estencion*, 63 Haw. at 269, 625 P.2d at 1044).

[3] The District Court dismissed both the OVUII charge and the driving without motor vehicle insurance charge without prejudice pursuant to HRPP Rule 48. However, Vasquez was charged with driving without motor vehicle insurance as a first offender, which is a traffic offense that is not punishable by imprisonment. *See* Haw. Rev. Stat. § 431:10C-104(c); Haw. Rev. Stat. § 431:10C-117(a) (Supp. 2015). Therefore, it appears that the charge against Vasquez for driving without motor vehicle insurance was exempt from the speedy trial requirements of HRPP Rule 48 and that the District Court erred in relying on HRPP Rule 48 in dismissing that charge. *See* Haw. R. Pen. P. 48(b); *State v. Mageo*, 78 Hawai'i 33, 35-36, 889 P.2d 1092, 1094-95 (App. 1995). Neither party appealed from the dismissal of the driving without insurance charge. In fact, Vasquez's arguments on appeal are based on HRPP Rule 48 and focus on the OVUII charge. Accordingly, we will not address or further discuss the District Court's dismissal of the driving without motor vehicle insurance charge.

2

determine whether the District Court abused its discretion in dismissing the OVUII charge without prejudice.[4]

Accordingly, we vacate the District Court's Judgment with respect to the OVUII charge, and we remand the case with instructions that the District Court: (1) consider the *Estencion* factors in determining whether to dismiss Vasquez's OVUII charge with or without prejudice; and (2) make findings that clearly articulate the effect of the *Estencion* factors and any other factor it considered in rendering its decision.

DATED:  Honolulu, Hawai'i, June 28, 2018.

On the briefs:

Richard L. Holcomb
(Holcomb Law, LLLC)
for Defendant-Appellant.

Eric K. Pilila'au,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[4]    In this regard, we note that Vasquez argues that because OVUII is a petty misdemeanor, "OVUII cases are not serious as a matter of law." However, in *State v. Fukuoka*, 141 Hawai'i 48, 56-59, 404 P.3d 314, 322-25 (2017), the Hawai'i Supreme Court concluded that petty misdemeanor offenses should not as a categorical rule be viewed as non-serious offenses for purposes of the first *Estencion* factor, and that the District Court should conduct a particularized inquiry in considering the seriousness of an offense.